UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEN FI CHANG,

                          Plaintiff,

              -against-

TROPICANA CASINO,

                          Defendant.

1:21-CV-8524 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Chen Fi Chang, of New York, New York, brings this *pro se* action under the Court's diversity jurisdiction. Plaintiff sues Tropicana Casino, of Atlantic City, New Jersey. For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

Under the relevant venue provision, a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any [federal] judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

Plaintiff alleges that Defendant Tropicana Casino is a citizen of, and is located, incorporated, and has its principal place of business in New Jersey. (ECF 2, at 3-4.) Plaintiff also alleges that a substantial part of the events giving rise to Plaintiff's claims occurred in New Jersey. (*See id.* at 5.) The State of New Jersey constitutes one federal judicial district. *See* 28

U.S.C. § 110. Thus, venue is proper in the United States District Court for District of New Jersey. *See* § 1391(b). Because Plaintiff does not allege that Defendant Tropicana Casino resides in this federal judicial district or that a substantial part of the events or omissions giving rise to Plaintiff's claims arose in this federal judicial district, venue is not proper in this court under Section 1391(b).[1] Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (Borough of Manhattan), (2) Bronx, (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    October 18, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                             Chief United States District Judge